IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN PICCININI,

       Appellant,

v.

       Case No. 5D17-2919
       LT Case No. 2016-CF-10220

STATE OF FLORIDA,

       Appellee.
_____/

Opinion filed June 17, 2022

Appeal from the Circuit Court
for Orange County,
Theotis Bronson, Senior Judge.

Elizabeth Siano Harris, of Harris Appellate
Law Office, Mims, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      We review this case upon remand from the Florida Supreme Court for

reconsideration in light of its decision in Davis v. State, 332 So. 3d 970 (Fla.

2021). In our original opinion, we upheld John Piccinini's convictions but remanded for resentencing after finding that the trial court improperly considered his lack of remorse and failure to take responsibility in imposing the sentence. See Piccinini v. State, 275 So. 3d 210, 211–13 (Fla. 5th DCA 2019). That decision was quashed[1] after the Florida Supreme Court held, "when a defendant voluntarily chooses to allocute at a sentencing hearing, the sentencing court is permitted to consider the defendant's freely offered statements, including those indicating a failure to accept responsibility." Davis, 332 So. 3d at 978. We now affirm Piccinini's sentence.

The circumstances surrounding the sentencing issue were presented in our original opinion. See Piccinini, 275 So. 3d at 211–13. Following a jury trial, Piccinini was convicted of two counts of animal cruelty pursuant to section 828.12(2), Florida Statutes (2015). Id. at 211. The evidence established that on two occasions, Piccinini intentionally inflicted excessive and unnecessary pain and suffering on a dog, resulting in the dog's death. Id. After a sentencing hearing, the trial court imposed a sentence within the statutory maximum; on appeal, we vacated Piccinini's sentence and remanded for resentencing. Id. at 211–13.

---

[1] See State v. Piccinini, 47 Fla. L. Weekly S107 (Fla. Apr. 1, 2022).

2

The only issue on remand is whether the holding in <u>Davis</u> is limited to those cases in which a defendant made statements at sentencing demonstrating a failure to take responsibility, or whether the decision also encompasses cases in which a defendant's trial testimony does the same. Our supreme court recently answered this question in <u>State v. Burns</u>, 47 Fla. L. Weekly S139 (Fla. June 2, 2022), which held that "although the 'freely offered statements' on which the trial court relied in sentencing Burns were made during trial rather than an allocution, the court was [] under no obligation to ignore them and was permitted to consider them in imposing the sentence." (quoting <u>Davis</u>, 332 So. 3d at 978).

Accordingly, in light of <u>Davis</u> and <u>Burns</u>, we find no error in the trial court's consideration of Piccinini's trial testimony when imposing sentence, which the court found demonstrated a lack of remorse.

AFFIRMED.

EISNAUGLE and SASSO, JJ., concur.
COHEN, J., concurs specially with opinion.

3

COHEN, J., concurring specially, with opinion.

I am in complete agreement with Justice Polston's dissent in <u>Davis</u> that permitting a trial court to consider a defendant's statements of innocence as demonstrative of a lack of remorse places a chilling effect upon a defendant's constitutional rights and amounts to a due process violation. <u>See</u> <u>Davis v. State</u>, 332 So. 3d 970, 981–87 (Fla. 2021) (Polston, J., dissenting).

There is a critical difference between a sentencing court's finding that a defendant completely fabricated his defense, as had occurred in <u>Grayson</u>, and a finding that a defendant who maintains his innocence is not amenable to rehabilitation. By conflating the two and sentencing accordingly, individuals charged with crimes will be forced to choose between maintaining their innocence at trial and sentencing—and risk a finding that they lack remorse—or remaining silent. In my view, this scenario runs contrary to constitutional due process protections that underpin our criminal justice system. <u>See</u> <u>id.</u> at 986 ("The judicial process, which is grounded on constitutional due process, protects a defendant's right to maintain innocence and does not punish a defendant for doing so."). However, I am

4

bound by the majority opinion in <u>Davis</u> as well as the opinion in <u>State v.</u> <u>Burns</u>, 47 Fla. L. Weekly S139 (Fla. June 2, 2022).